**FILED**
MAY 27 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. DUNWOODY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. **08 0885** |
| ) | |
| HARLEY LAPPIN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### TRANSFER ORDER

Petitioner challenges the disciplinary hearing procedures underlying respondents' decision to extend his release date by 20 days and to deny his eligibility for a placement in a community corrections center. *See* Pet. at 4. Challenges of this nature sound in habeas, and habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Therefore, the Court will transfer this matter to the district in which petitioner currently is incarcerated. Resolution of petitioner's application to proceed *in forma pauperis* is left to the transferee court to decide.

Accordingly, it is hereby

ORDERED that this action is TRANSFERRED to the United States District Court for the

1

Middle District of Florida.

SO ORDERED.

DATE: 5|15|08

_____
United States District Judge